LAW OFFICES OF

# JEFFREY LICHTMAN

750 LEXINGTON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10022
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
RACHEL D. GOLD

PH: (212) 581-1001
FX: (212) 581-4999

June 16, 2016

**BY ECF**
Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: **United States v. Mangone, et al., 10 CR 007, – 1170 (CM)**

Dear Judge McMahon:

    I am writing on behalf of defendant Anthony Mangone to respectfully request an extension of time in which to file the defendant's revised sentencing submission – from ten days from the June 14, 2016 Mandate of the Court of Appeals as ordered by Your Honor, to four weeks from that date. This period of time will provide the defendant with a sufficient opportunity to "lay out in [his] ... submission[] a *full* explanation of any policies or plea bargaining considerations," in addition to any "facts" that he believes the Court "misapprehended ... about the case" during his initial sentencing proceeding. See June 14, 2016 Summary Order ("Summary Order") at 7 (emphasis supplied). Further, the requested period of time will provide Mr. Mangone with an adequate opportunity to supplement his sentencing submission with new, relevant information that has come to light since his initial December 2015 sentencing. See United States v. Quintieri, 306 F.3d 1217, 1230 (2d Cir. 2002). The government, by AUSA Perry Carbone, has no objection to this application.

    To briefly explain, on June 14, 2016, the Court of Appeals issued a summary order vacating Mr. Mangone sentence and remanding his case back to Your Honor for resentencing. Summary Order at 7. On appeal, Mr. Mangone cited, *inter alia*, the District Court's mistaken pronouncement that his offense level of 19 corresponded to a Guidelines range of 37 to 46 months imprisonment and not the correct range of 30 to 37 months. See Summary Order at 3; December 7, 2015 Tr. at 22, 30. In light of Molina-Martinez v. United States, 136 S. Ct. 1338, 1349 (2016), United States v. Dorvee, 616 F.3d 174, 181-82 (2d Cir. 2010) and United States v. Fagans, 406 F.3d 138, 141 (2d Cir. 2005), the Court of Appeals concluded that the pronouncement of the incorrect Guidelines range constituted plain error and vacated Mr. Mangone's sentence. Summary Order at 3, 7.

**JEFFREY LICHTMAN**

Hon. Colleen McMahon
United States District Judge
June 16, 2016
Page 2

      In addition to the incorrect Guidelines range, Mr. Mangone brought to the Court of Appeals' attention a collection of factual errors and misunderstandings which occurred at his sentencing.  These errors included: i) the District Court's mistaken belief that Mr. Mangone received an extraordinarily lenient plea deal that did not incorporate his true criminal history by leaving as uncharged certain crimes, in violation of a non-existent policy of the United States Attorney's Office (December 7, 2015 Tr. at 7-14, 27-28); ii) the District Court's assignment of criminal liability for the aforementioned, yet unproven offenses (id.); iii) an assessment of Mr. Mangone's relative culpability in the underlying bribery scheme that was inconsistent with the trial record (id. at 23); and iv) a finding as to Mr. Mangone's credibility as a witness that was inconsistent with the District Court's prior written findings.[1] Although the Second Circuit "decline[d] to address" these issues, as "remand[]" was "already" "warranted for [the Guidelines error]," the Court of Appeals clearly anticipated that they would be addressed at Mr. Mangone's resentencing.  See Summary Order at 7 ("we are confident that on remand the district court will have no difficulty in putting out of her mind her previously expressed views ... *considering fairly any respect in which the parties believe she has misapprehended facts about the case ....*") (emphasis supplied).

      Furthermore, as six months have now passed since Mr. Mangone's December 15, 2015 sentencing, he is entitled to supplement his initial submission with, at the very least, any relevant "events that [have] occur[ed]" since that date.  Quintieri, 306 F.3d at 1230; see also Pepper v. United States, 562 U.S. 476, 492 (2011) ("evidence" of post-sentencing "conduct ... provides the most up-to-date picture" of the defendant); United States v. Bryson, 229 F.3d 425, 426 (2d Cir. 2000) ("This Court has consistently held that a court's duty is always to sentence the defendant as he stands before the court on the day of sentencing"); Weber v. United States, 149 F.3d 172, 179 (2d Cir. 1998) ("the district court was required to resentence [the defendant] in light of the circumstances as they stood at the time of his resentencing").  While counsel have worked as quickly as possible throughout the appellate process – and indeed, Mr. Mangone's appeal proceeded on an expedited basis – it will take some time to gather this updated information, which he is entitled to present to the Court and bears directly on the 18 U.S.C. § 3553(a) factors.

---

[1] Compare November 7, 2012 Decision and Order, 10 CR 007 (CM), at 23 (factual discrepancies in the testimony of cooperating witnesses were "no more than differences in the recollection about events that took place five-and-a-half years before the trial") and 24 (testimony regarding bribery scheme "was at its core[,] true") with December 7, 2015 Tr. at 23 ("The government excused this as faulty recollection.  I'm not so sure I accept that explanation").

**JEFFREY LICHTMAN**

Hon. Colleen McMahon
United States District Judge
June 16, 2016
Page 3

      Finally, on June 8, 2016 and without objection from the Government, Mr. Mangone filed with the Court of Appeals a motion for his continued release pending appeal; this motion has now been referred to this Court.  See Summary Order at 7.  As there has not been a single suggestion that Mr. Mangone has ever violated any of his bail conditions since this case began, and again, without objection from the government, we respectfully request that the defendant be permitted to remain on bail until his resentencing, beyond the July 3 surrender date set by Your Honor.

      Thank you for your consideration on these matters.

Respectfully submitted,

Jeffrey Lichtman

cc:    Perry Carbone, Esq. (by email)
        Assistant United States Attorney